JAMES LARRABEE *vs.* JAMES KNIGHT.

Cumberland.    Opinion April 15, 1879.

*Trustee.   Assignment.   Disclosure.*

It is settled law in this State that, if one summoned as a trustee is notified before making his disclosure that the funds in his hands have been assigned, and he neglects to disclose the assignment, his being charged will not be a bar to a suit against him for the benefit of the assignee.

ON EXCEPTIONS from the superior court.

ACTION OF ASSUMPSIT, brought in the name of James Larrabee, for the benefit of A. S. and E. F. Larrabee, his assignees.    Writ dated January 20, 1875.

The case was submitted to the presiding justice of the superior court to find the facts, with right of exception in matters of law. The real question presented being his ruling that the judgment in the prior suit of *Gustin* v. *Larrabee* and said Knight, his trustee, is no bar to the present suit,—said Knight having been notified of said assignment before making his disclosure, and therein making no mention thereof.    In said suit of *Gustin* v. *Larrabee* and trustee, judgment was recovered and execution duly issued against the principal defendant and against the trustee for the amount in his hands, and, after due proceedings, on February 10, 1877, said Knight, as trustee, paid the sum with which he had been charged, to the officer holding the execution.

It was argued that $174.08 is the amount which the plaintiff should recover, if he is entitled to recover at all; there was no dispute about that sum being the amount of half of the proceeds received by the defendant and which belonged either to James Larrabee or to A. S. and E. F. Larrabee, at the date of service of the trustee writ.    After the testimony was closed the presiding justice ruled as follows:

" Upon the foregoing evidence, I find, as matter of fact, that there was an assignment of the $174.08 in controversy from James Larrabee to Albert S. Larrabee and Edward F. Larrabee, of which assignment said James Knight had due notice before he was summoned, as trustee, in the suit of *Gustin* v. *Larrabee* and trustee;

and further find, in accordance with the statement of said James Knight, that he was not a party to said assignment, and did not consent to the substitution of Albert S. Larrabee and Edward F. Larrabee for James Larrabee in the contract relating to the corn, and did not promise, in consideration of release from his contract with James Larrabee, to pay to Albert S. and Edward F. Larrabee one-half the proceeds of the corn.

" I therefore rule that this action may be maintained in the name of James Larrabee, for the benefit of the assignees, Albert S. and Edward F. Larrabee, and that James Knight having had notice of this assignment prior to making his disclosure in *Gustin* v. *Larrabee*, the judgment in that suit is no bar to this.

" After hearing the evidence and arguments of each party, and considering the same, I decide that said defendant did promise in manner and form as said plaintiff has declared against him, and I award damages in the sum of $174.08, and interest from date of writ."

Whereupon the defendant alleged exceptions.

*P. J. Larrabee*, for the plaintiff.

*G. B. Emery*, for the defendant.

WALTON, J. It is settled law in this State that, if one summoned as a trustee is notified before making his disclosure that the funds in his hands have been assigned, and he neglects to disclose the assignment, his being charged will not be a bar to a suit against him for the benefit of the assignee. *Milliken* v. *Loring*, 37 Maine, 408. *Bunker* v. *Gilmore*, 40 Maine, 88.

But it is claimed that this rule of law is inapplicable to this case, because, notwithstanding the trustee in the former suit (defendant in this) had notice of the assignment, and notwithstanding he neglected to disclose it, still, it was made known to the court by the assignee himself, and its validity either was, or might have been, determined in that suit, and cannot, therefore, be again brought into litigation. In other words, the defense is substantially *res adjudicata*,—the matter has been once put in litigation and cannot be put in litigation again.

The court is of opinion that this defense fails for want of proof

of the facts on which it rests. There is no evidence that the assignee's claim was brought into litigation in the former suit. There is no evidence that its existence was ever known to the court at the time the judgment charging the trustee was rendered. True, the assignee filed with the clerk a statement of his claim ; but this was after the disclosure of the trustee had been passed upon, and there is no evidence that any action whatever was had upon the claim, or that the court, or the adverse party, even knew of its being filed with the clerk. The attempt by the assignee to obtain an adjudication upon the validity of his claim was made too late,— the trustee had already been charged—and it is not improbable that it was for this reason that the assignee abandoned his attempt to protect his rights in that suit and resorted to this. Very clearly the proceedings in that suit are no bar to this. Such was the ruling of the justice of the superior court. We think the ruling was correct.

*Exceptions overruled.*

Appleton, C. J., Barrows, Virgin and Libbey, JJ., concurred.